1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTONIO LORENZO SCOTT,                    1:09-cv-00038 GSA HC

                Petitioner,          ORDER DENYING PETITION FOR WRIT OF
                                          HABEAS CORPUS

   v.
                                          ORDER DIRECTING CLERK OF COURT TO
                                          ENTER JUDGMENT AND TERMINATE
H. A. RIOS, JR., Warden,                  CASE

                Respondent.
_____/

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to exercise of Magistrate

Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## BACKGROUND

     On August 6, 1997, Petitioner was sentenced in the United States District Court for the

Northern District of Florida to a term of 228 months of incarceration, for violations of 18 U.S.C.

§ 924(c) and 21 U.S.C. §§ 841(b)(1)(A), 846.  See Exhibit 1 to Answer, Public Inmate

Information Data. On June 5, 2008, the district court reduced the sentence to 211 months

pursuant to United States Sentencing Guidelines Amendment 706. See Exhibit 3 to Answer,

Order Reducing Sentence. Petitioner has a projected release date, via good conduct time release,

of March 1, 2013. See Exhibit 1 to Answer, Public Inmate Information Data.

Petitioner filed the instant federal petition for writ of habeas corpus on January 9, 2009. He contends that the Bureau of Prisons ("BOP") has failed to comply with the mandates of 18 U.S.C. § 3621(b) by categorically excluding inmates from placement in Residential Re-Entry Centers ("RRC") until the last ten percent of their sentences. He further argues the BOP has arbitrarily and capriciously denied him his right to be assessed for a one-year sentence reduction as authorized by 18 U.S.C. § 3621(c), because it failed to articulate a rationale for its exclusion of a certain class of non-violent offenders from eligibility.

Respondent filed an answer to the petition on May 11, 2009.  Petitioner did not file a traverse.

DISCUSSION

I.      Subject Matter Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Whether the Court has subject matter to hear Petitioner's claims pursuant to 28 U.S.C. § 2241 will be discussed below. In addition, pursuant to § 2241, venue is proper in this case because Petitioner was confined at the United States Penitentiary in Atwater, California, at the time he filed the instant petition. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000).

II.      Exhaustion of Administrative Remedies

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid

judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement.  Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison - Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (2002). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (2002). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (2002). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

Petitioner admits that he has failed to seek relief through the administrative remedy procedure with respect to the claims raised in the instant petition. Therefore, his claims are unexhausted and must be dismissed. Nevertheless, the Court will also address other arguments presented for denial of the petition.

III.    Ground One

Petitioner first argues that the BOP has failed to assess him for placement in an RRC

3

because BOP regulations categorically exclude inmates from RRC placement until the last ten percent of their sentence. For various reasons, this claim must be rejected.

First, as Respondent correctly argues, the Court is without subject matter jurisdiction to entertain this claim. A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In the instant petition, Petitioner's claims that the BOP has failed to consider him for transfer to an RRC until the last ten percent of his sentence. Respondent correctly argues that this claim does not challenge the fact or duration of Petitioner's sentence. The Ninth Circuit has clarified that release to an RRC is not a release from incarceration, because an RRC is also a place of incarceration. Rodriguez v. Smith, 541 F.3d 1180 (9th Cir.2008). Basically, Petitioner is requesting to be transferred to another institution of incarceration. Therefore, a transfer to an RRC will not affect the fact or duration of his confinement and does not give rise to a claim for which habeas relief can be granted.  Accordingly, this Court does not have subject matter to

4

1  review the instant challenge under section 2241, and the petition must be dismissed.

2        Second, the claim is now moot because the BOP no longer categorically excludes inmates

3  for transfer to an RRC until the last ten percent. As Respondent points out, the BOP had in the

4  past excluded inmates from RRC consideration until the last ten percent of their sentence, but

5  that is no longer the case. On October 21, 2008, the BOP issued new regulations which

6  specifically provide for transfers to an RRC at any time during the inmate's sentence. See 28

7  C.F.R. §§ 570.20-22 (2008). On November 14, 2008, the BOP issued guidance to staff for

8  responding to inmate requests for routine transfers to an RRC. See Exhibit 5 to Answer, Routine

9  RRC Transfer Guidance. Staff were informed that "[i]nmates are legally eligible to be placed in

10  an RRC at any time during their prison sentence." Id. at 1. Staff were advised that "inmate

11  requests for RRC placement must receive individualized consideration." Id. at 1-2. Staff can

12  initiate an inmate's RRC consideration at any time, and if an inmate makes a request, staff are to

13  consider RRC placement at the inmate's next program review session. Id. at 2. Therefore, the

14  claim is now moot and must be dismissed.

15  IV.   Ground Two

16        Petitioner next argues the BOP has denied him the right to be assessed for a one-year

17  sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) because of his 18 U.S.C. § 924(c)

18  conviction. He claims this refusal conflicts with the Ninth Circuit's ruling in Arrington v.

19  Daniels, 516 F.3d 1106, 1116 (9th Cir.2008).

20        First, Petitioner was assessed and denied early release eligibility on December 16, 2008.

21  He was determined to be ineligible because of his crime of violence. See Exhibit 6 to Answer,

22  Residential Treatment Eligibility Review. Therefore, he was not denied his *right to be assessed*.

23  In addition, Petitioner's eligibility does not conflict with the holding in Arrington. In Arrington,

24  the Ninth Circuit determined that the BOP had failed to articulate a rationale for categorical

25  exclusion from early release of those inmates convicted of nonviolent offenses involving

26  firearms. 516 F.3d at 1114. Such is not the case here. Petitioner was convicted of using or

27  carrying a firearm in connection to a drug offense in violation of 18 U.S.C. § 924(c). See Exhibit

28  2 to Answer, Judgment and Commitment Order. As noted by Respondent, a violation of § 924(c)

is a crime of violence, as the Ninth Circuit has determined that "the Bureau may classify all

§ 924(c) convictions as violent crimes." Warren v. Crabtree, 185 F.3d 1018, 1021 (9th Cir.1999).

Therefore, Respondent correctly argues that Petitioner's reliance on Arrington is misplaced, and

Petitioner may properly be excluded from early release eligibility.

Further, by the language of the statute itself, Petitioner is ineligible for early release under

§ 3621(e)(2)(B). Section 3621(e)(2)(B) states that a one-year sentence reduction is available if

the prisoner is "convicted of a nonviolent offense." As held by the Ninth Circuit, a violation of

18 U.S.C. § 924(c) is a crime of violence. Therefore, § 3621(e)(2)(B) is inapplicable.

ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for a writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3) A certificate of appealability is not required in this case.  Forde v. U.S. Parole Comm'n,

114 F.3d 878, 879 (9th Cir.1997).


IT IS SO ORDERED.

**Dated:    June 18, 2009**          **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE